THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BLAIR ALLEN McHENRY; BARBARA McLEOD; and SUSAN KANE-RONNING,<br><br>Defendants. | CASE NO. C16-0798-JCC<br><br>ORDER GRANTING THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on the Government's motion for default judgment (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

The Clerk entered an order of default against Defendants Blair Allen McHenry, Barbara McLeod, and Susan Kane-Ronning on November 8, 2016. (Dkt. No. 16.) On February 14, 2017, the Government brought this motion for default judgment. (Dkt. No. 18.) Defendants did not respond to the motion.

"At the default judgment stage, the court presumes all well-pleaded factual allegations related to liability are true." *Curtis v. Illumination Arts*, *Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014); *see also TeleVideo Sys.*, *Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

However, factual allegations relating to the amount of damages are not taken as true. *Curtis*, 33 F. Supp. 3d at 1211. A "plaintiff is required to prove all damages sought in the complaint, and the court must ensure that the amount of damages is reasonable and demonstrated by the evidence." *Id.*

The Government alleges that Defendant McHenry's indebtedness to the Farm Service Agency (FSA) arose out of a series of promissory notes executed on April 7, 2006. (Dkt. Nos. 1 at 2–5, 1-1, 1-2, 1-3, 1-4, 1-5, 1-7, 1-9, 1-11, 1-13, 1-15, 1-16, 1-17, 1-19, 1-20, 1-21.) The notes were secured by mortgages on real property identified in the complaint. (Dkt. No. 1 at 2.) The Government further alleges that Defendant McHenry owed $387,998.94 as of January 27, 2016, with interest accruing at the daily rate of $26.81.[1] (Dkt. No. 18 at 3.) Finally, the Government alleges Defendant McHenry defaulted by (1) being delinquent in payment of his indebtedness, and (2) failing to pay his real estate taxes. (Dkt. No. 1 at 7.) The Government supports the amount of damages claimed with a declaration from FSA Farm Loan Specialist Houston Bruck. (Dkt. No. 19 at 2.)

Taking these allegations as true, the Court finds that they are sufficient to establish liability. The Court further finds that Mr. Bruck's declaration and the terms of the promissory notes attached to the complaint support the Government's damage calculations.

Accordingly, the Government's motion for default judgment (Dkt. No. 18) is GRANTED. The Court AWARDS the following relief to the Government:

1. That the United States has and recovers judgment in its favor against Defendant Blair Allen McHenry, in the sum of $387,998.94, ($371,734.51 principal, $16,264.43 interest accrued through January 27, 2017), plus interest accrued in the amount of $26.81 daily from January 27, 2017 to the date of judgment; plus interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961, and filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2). The Court also

---

[1] The Government's briefing states this figure as $26.811 and $26.8111. (*See, e.g.*, Dkt. No. 18 at 2, 3.) However, the Court will refer to all dollar amounts as true dollar amounts with only two decimals.

GRANTS the Government's request for reasonable attorney fees plus court costs, the costs and expenses of this action presently, and the costs and expenses that will be incurred in the future for advertising, selling, and conveying the property. The Government is ORDERED to provide specific and detailed documentation of its hours and expenses incurred after the sale of the property.

2. That the foregoing real estate mortgages and security agreements cover the following described property (the Real Property) situated in Whatcom County, Washington as follows:

> A tract of land situated in the Southwest quarter of the Northeast quarter and in the Northwest quarter of the Southeast quarter of Section 5, Township 39 North, Range 2 East of W.M., more particularly described as follows:
>
> Beginning at a quarter stake on the South line of Section 5, Township 39 North, Range 2 East of W.M.; thence North 3126 feet on the quarter line to a point 439 feet North of the center of said Section, which is the point of true beginning; thence South 480 feet on the quarter line to a point 41 feet South of the center of said Section; thence Easterly South 89°30' East along the line of the 25 Year Old Fence a distance of 900 feet; thence North parallel to the West line of said quarter Section a distance of 500 feet; thence Westerly to the point of beginning. Except the North 230 feet thereof
>
> Except Enterprise Road
>
> Situated in Whatcom County, Washington.

3. That the real property mortgages attached to the complaint, (Dkt. Nos. 1-6, 1-8, 1-10, 1-12, 1-14, 1-18, 1-22, 1-23, 1-24), are hereby foreclosed and the property is hereby ORDERED to be sold pursuant to the provision of 28 U.S.C. § 2001, *et. seq.*, with the proceeds of the property sale applied first to the costs and expenses of making the sale and secondly, to the payment of the sums due to the United States on its cause of action, and any excess of the proceeds shall be distributed to Defendants as their interest may appear.

4. That the interest of all Defendants are inferior to the interest of the United States.

5. That Defendant Blair Allen McHenry, and all persons claiming by, through, or under him, are forever barred and foreclosed from asserting any title or interest in and to said real

property described in the mortgages, except to the extent that Defendant McHenry has the right of redemption.

6. That all other interests and claims of Defendants Susan Kane-Ronning and Barbara McLeod are hereby foreclosed, and shall have no further force or effect.

7. That the real estate mortgages, which constitute first and prior liens upon the subject funds and real property, are hereby foreclosed.

8. That the United States's recovery shall be limited to the proceeds of the sale of the real property subject to the foreclosed deed of trust.

9. That the sale be conducted in accordance with the law and practice of this Court.

10. That after the 10-day automatic stay of proceedings to enforce a judgment, the United States may present a motion for order of sale. *See* Fed. R. Civ. P. 62(a), (f) (noting 14-day stay unless otherwise under state law for a judgment on a lien); Wash. Civ. R. 62(a) (10-day stay).

11. That the United States Marshal for the Western District of Washington or his/her representative will be authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the real property listed in Paragraph 2. The United States Marshal or his/her representative will be authorized free access to the Real Property and to take all actions necessary to preserve the Real Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Real Property, until the deed to the Real Property is delivered to the purchaser at the foreclosure sale.

12. That the United States or any party to the suit may become a purchaser at the sale and the United States Marshall shall execute a Marshal's Certificate of Purchase to the real property in favor of the purchaser, and the purchaser will be let into possession of the premises upon production of the Marshal's Certificate of Purchase. In the event the United States or its agency, Farm Service Agency (FSA) of the United States Department of Agriculture (the Government), is a successful bidder on the property, it shall have the right to apply its judgment credits in lieu of cash thereon, and the United States Marshal is authorized to accept such an arrangement. If

ORDER GRANTING THE GOVERNMENT'S
MOTION FOR DEFAULT JUDGMENT
PAGE - 4

the successful bidder is other than the Government, ten percent (10%) of the bid price must be paid at the time of the sale and the balance within thirty (30) days.

    13. That the terms of the Order of Sale shall be as follows:

        a. The sale of the Real Property shall be free and clear of the interest of Defendants Blair Allen McHenry, Susan Kane-Ronning, and Barbara McLeod, except to the extent that Defendant Blair Allen McHenry has a right of redemption under Washington Revised Code chapter 6.23 or excess funds under Washington Revised Code chapter 6.21. The redemption period shall be 12 months.

        b. The sale shall be subject to building lines, if established; all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Real Property; and easements and restrictions of record, if any.

        c. The sale shall be held at the courthouse of the county in which the Real Property is located, on the Real Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002 and shall be announced in the Notice of Sale. The date and time for sale are to be announced by the United States Marshal, or his/her representative, in the Notice of Sale.

        d. The date and time for sale are to be announced by the United States Marshal, or his/her representative, in the Notice of Sale.

        e. The Notice of Sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Whatcom County, and, at the discretion of the Marshal or his/her representative, by any other notice deemed appropriate. The notice shall contain a description of the Real Property; the time, date, and location of the sale as determined by the United States Marshal or his/her representative; the minimum

1  bid as determined by the United States; and the terms and conditions of sale listed
2  in subparagraphs g-n below.
3  f. The minimum bid for the Real Property will be set by the United States. If the
4  minimum bid is not met or exceeded, the Marshal or his/her representative, with
5  concurrence of the United States, may without further permission of this Court,
6  and under the terms and conditions in this order of sale, hold a new public sale, if
7  necessary, and reduce the minimum bid as set by the United States, or sell to the
8  highest bidder.
9  g. The successful bidder for the Real Property shall be required to deposit at the
10 time of the sale with the Marshal, or his/her representative, a minimum of ten
11 percent (10%) of the bid, with the deposit to be made by certified or cashier's
12 check payable to the United States District Court for the Western District of
13 Washington, or cash. Before being permitted to bid at the sale, bidders shall
14 display to the Marshal, or his/her representative, proof that they are able to
15 comply with this requirement. No bids will be received from any person(s) who
16 have not presented proof that, if they are the successful bidder(s), they can make
17 the deposit required by this order of sale.
18 h. The balance of the purchase price for the Real Property is to be paid to the
19 United States Marshal within twenty (20) days after the date the bid is accepted,
20 by a certified or cashier's check payable to the United States District Court for the
21 Western District of Washington. If the bidder fails to fulfill this requirement, the
22 deposit shall be forfeited and shall be applied to cover the expenses of the sale,
23 including commissions due under 28 U.S.C. § 1921(c), with any amount
24 remaining to be applied to the Judgment at issue herein. The Real Property shall
25 again be offered for sale under the terms and conditions of this order of sale, or, in
26

the alternative, sold to the second highest bidder if consented to by the United States.

i. The sale of the Real Property shall be subject to confirmation by this Court. The Marshal shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within thirty (30) days from the date of receipt of the balance of the purchase price.

j. On confirmation of the sale, the Marshal shall execute and deliver a deed of judicial sale conveying the Real Property to the purchaser.

k. On confirmation of the sale, all interests in, liens against, or claims to, the Real Property and appurtenances that are held or asserted by all parties to this action are discharged and extinguished, except to the extent that such Defendant has rights of redemption under Washington Revised Code chapter 6.23.

l. On confirmation of the sale, the recorder of deeds, Whatcom County, Washington, shall cause transfer of the Real Property and appurtenances to be reflected upon that county's register of title.

m. Any party to this suit may become a purchaser at such sale. The United States may bid as a credit against its judgment without tender of cash.

n. The sale shall be "as is" without warranty of any kind.

o. The United States shall have a deficiency judgment in the event the sum received from the sale is insufficient to pay the judgment in full.

14. Until the Real Property is sold, all Defendants shall take all reasonable steps necessary to preserve the Real Property (including all buildings, improvements, fixtures and appurtenances on the Real Property) in its current condition including, without limitations, maintaining a fire and casualty insurance policy. They shall neither commit waste against the Real Property nor cause nor permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Real Property nor cause nor permit anyone else

to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Real Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

15. All persons occupying the Real Property shall leave and vacate the Real Property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Real Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person from the premises. Specifically, the United States Marshal (or his/her designee) is authorized and directed to take all actions necessary to enter the Real Property at any time of the day or night and evict and eject all unauthorized persons located there, including Defendants, or any other occupants. To accomplish this and to otherwise enforce this Order, the United States Marshal (or his/her designee) shall be authorized to enter the Real Property and any and all structures and vehicles located thereon, and to use force as necessary. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the United States, or more specifically the FSA, or its designee. No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the FSA, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Real Property during the time this order is in effect may be ejected by the United States Marshal without further order of the Court.

16. If any person fails or refuses to remove his or her personal property from the Real Property by the time specified herein, the personal property remaining on the Real Property

thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

17. The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

    a. To the United States for the costs of the sale, including the costs and commissions of the United States Marshal and any professional auctioneer if retained and the costs of advertising, selling, and conveying the property incurred by the Government.

    b. To the United States to be applied to the Judgment plus all interest and costs due and owing thereon.

    c. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

DATED this 9th day of March 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING THE GOVERNMENT'S
MOTION FOR DEFAULT JUDGMENT
PAGE - 9